UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CLINTON TANNIS,

        Petitioner,

  -against-

PEOPLE OF THE STATE OF NEW YORK,

        Respondent.
------------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
08-cv-2306 (CBA)

**AMON, United States District Judge.**

*Introduction*

Petitioner Clinton Tannis ("Tannis"), *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He was convicted in New York state court on February 24, 2004 of two counts of robbery in the second degree, N.Y. Penal Law § 160.10(2)(b), and sentenced on March 17, 2004 to consecutive terms of ten years imprisonment. Tannis submits two grounds for relief: (1) that the trial court denied his right to a fair trial by failing to give the jury the full pre-recess admonishment required by New York state law; and (2) that his sentence was imposed in retaliation for his exercise of his Sixth Amendment right to a jury trial. For the reasons that follow, the petition is denied.

*Background*

Tannis was convicted of two counts of robbery in the second degree for robbing two livery cab drivers in July of 2003. On both occasions, he pressed a blunt object into the backs of the victims' seats and stole their money before fleeing from the cab. After being apprehended, he confessed to the crimes and asked for forgiveness. Nonetheless, Tannis rejected the State's plea

offer of ten years and proceeded to trial. On the first day of jury deliberations, the trial judge admonished the jurors before recessing: "now that we started deliberating [it is] extremely important that you follow the rules, can't discuss the case with anyone, can't express your opinion with anyone, stop your deliberations." Trial Tr. at 266G. He did not instruct the jurors that they were not to read or listen to media accounts of the case, that they were not to visit the locations involved in the case, or that they were not to negotiate or accept a benefit for supplying information about the trial, as required by New York Criminal Procedure Law § 270.40.

Ultimately, the jury acquitted Tannis of the first degree robbery counts but convicted him of the lesser included charges of second degree robbery, apparently crediting his claim, made in his recorded confession, that he did not use real guns in the robberies. At sentencing, the court sentenced Tannis to a determinate sentence of twenty years imprisonment, ten years fewer than the maximum allowable sentence. Sentencing Hr'g Tr. at 7. In reaching this sentence, the judge explained that he did not want to "punish [Tannis] unduly for going to trial," even though he "[didn't] know why [Tannis] didn't take the plea agreement." Id. at 7-8.

Tannis appealed his conviction to the Appellate Division. He claimed that the trial court erred by issuing an incomplete admonishment to the jury before recess and that his sentence was excessive because he was punished for exercising his right to trial. The Appellate Division denied his appeal, holding that both claims were procedurally barred and without merit. *People v. Tannis*, 831 N.Y.S.2d 73, 73 (App. Div. 2007). The New York Court of Appeals denied leave to appeal on March 5, 2007. *People v. Tannis*, 8 N.Y.3d 927 (2007).

*Discussion*

*AEDPA Standard of Review*

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an individual is entitled to habeas review "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where a petitioner states such a ground, a federal court may grant a habeas claim only where a state court's ruling on the merits of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court rules "contrary to" clearly established Supreme Court precedent "if it arrives at a conclusion opposite to that reached by th[e] Court on a question of law . . . or decides a case differently than th[e] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). A state court's ruling is "an unreasonable application" of clearly established Supreme Court precedent if it "applied [Supreme Court law] to the facts of [the] case in an objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002).

*I. Jury Admonishment and Right to a Fair Trial*

Tannis first asserts that he was denied the right to a fair trial when the trial judge gave the jury an incomplete admonishment. Pet. at 27. The State argues, *inter alia*, that the claim is unexhausted, that it should be deemed exhausted but procedurally barred, and that it is without merit. This Court agrees.

3

*A. Exhaustion*

"The exhaustion requirement is not satisfied unless the federal claim has been fairly presented to the state courts." *Daye v. Attorney Gen.*, 696 F.2d 186, 191 (2d Cir. 1982). A claim may be fairly presented to state courts through "(a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation." *Id.* at 194. Tannis has certainly not done (a), (b), or (c). As to (d), the Second Circuit in *Daye* instructed that "to determine . . . whether a claim that the defendant has been denied a 'fair trial' involves a constitutional claim, one must look to the factual allegations supporting the claim." *Id.* Tannis' factual allegation—that the trial judge gave an incomplete admonishment under state law—is hardly a claim "well within the mainstream" of due process litigation. Accordingly, he has not fairly presented his claim to the state court and it is unexhausted.[1]

Though unexhausted claims are ordinarily dismissed, *Rose v. Lundy*, 455 U.S. 509, 510 (1982), it is routine practice to deny a claim where, as here, "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *St. Helen v. Senkowski*, 374 F.3d 181, 183 (2d Cir. 2004). Under New York law, Tannis may no longer seek leave to appeal his conviction directly, N.Y. Court Rules of Practice § 500.20(a) (authorizing only one application for leave to appeal), nor may he seek collateral review, N.Y. Crim. Proc. Law § 440.10(2)(c) (barring collateral review if a claim could have been brought on

---

[1] Tannis was represented by counsel during his direct appeal to the Appellate Division. This is therefore not a case in which application of the complete exhaustion rule would set a "trap" for the "unwary *pro se* prisoner," *e.g.*, *Slack v. McDaniel*, 529 U.S. 473, 487 (2000).

4

appeal but was not). Moreover, he does not assert cause and prejudice for his failure to bring the claim in state court or that this application of New York's appellate rules would result in a miscarriage of justice. His claim is thus deemed exhausted but procedurally barred.

*B. Merits*

In any event, this Court finds that Tannis' claim is without merit. This is for two reasons. First, Tannis fails to allege a federal ground upon which this Court may grant habeas relief. As noted above, AEDPA permits federal habeas review only for "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Tannis submits the same brief he filed in the Appellate Division on direct appeal as his habeas petition in this Court. His argument therein is predicated on a state law theory of relief and cites only state cases in support, none of which apply federal law. Mere invocation of the "right to a fair trial" does not convert a claim predicated on an error of state law into one predicated upon a constitutional violation. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law.").

Second, even if this Court were to construe Tannis' argument as a Due Process claim, he would still be entitled to relief only if the alleged error "so infected the entire trial that the resulting conviction violates due process." *See Cupp v. Naughten*, 414 U.S. 141, 147 (1973). Tannis offers no account of how the incomplete admonition infected the trial at all, let alone infected it to a constitutional degree. Accordingly, this Court exercises its discretion under 28 U.S.C. § 2254(b)(2) to deny Tannis' claim on the merits notwithstanding failure to exhaust.

*II. Retaliation for Exercise of Right to Trial*

Tannis' second claim is that his twenty-year sentence was imposed in retaliation for his decision to exercise his Sixth Amendment right to demand a jury trial. Pet. at 31. The State argues that the claim is both procedurally defaulted and without merit. Again, this Court agrees.

*A. Procedural Default*

The Appellate Division held that Tannis' claim was procedurally barred pursuant to New York's contemporaneous objection rule, N.Y. Crim. Proc. Law § 470.05(2). *Tannis*, 831 N.Y.S.2d at 73. That rule requires that an alleged error be "brought to the attention of the trial court at a time and in a way that gave [it] the opportunity to remedy the problem and thereby avert reversible error." *People v. Luperon*, 85 N.Y.2d 71, 78 (1995). Tannis failed to raise any objection at his sentencing hearing, let alone one specific enough to alert the sentencing court to the constitutional error he now asserts. He therefore failed to comply with New York's rule.

"An adequate and independent finding of procedural default will bar habeas review of [a] federal claim." *Harris v. Reed*, 489 U.S. 255, 262 (1989). This Circuit has long held that New York's contemporaneous objection rule is such an "adequate and independent" ground. *See Whitley v. Ercole*, No. 10-3119, slip op. at 15 (2d Cir. 2011). Because he does not address the issue of procedural default in his petition, Tannis does not contest this finding. Nor does he assert either "cause and prejudice" to excuse his non-compliance or that a fundamental miscarriage of justice will result from application of New York's contemporaneous objection rule. Likewise, this Court's review of the record reveals no grounds for excusing his procedural default. Accordingly, this Court cannot review his claim.

*B. Merits*

Even if Tannis' claim were not procedurally defaulted, this Court would deny it on the merits. Tannis argues that his sentence of twenty years was excessive in light of the prosecution's initial plea offer of ten years. Pet. at 29. He further asserts that two statements of the sentencing judge—(1) "I don't know why you didn't take the plea offer that was made in the case. You seem to want to confess your wrongdoing;" and (2) "I'm not going to punish you unduly for going to trial . . ."—establish that his sentence was a product of the sentencing court's "retaliation or vindictiveness." Pet. at 30-31. Tannis' argument for federal habeas relief is presumably that the Appellate Division's denial of this claim was an "unreasonable application" of the well-established principle that a state may not penalize an individual for exercising his right to trial. *See Corbitt v. New Jersey*, 439 U.S. 212, 219, 223 (1978); *North Carolina v. Pearce*, 395 U.S. 711, 724 (1969). For two reasons, this Court cannot agree.

First, the Supreme Court has "squarely held that a State may encourage a guilty plea by offering substantial benefits in return for the plea." *Corbitt*, 439 U.S. at 219. Tannis was offered a plea agreement of ten years, which he rejected. His ultimate twenty-year sentence was square in the middle of the ten- to thirty-year range authorized by the crimes for which he was convicted. The disparity, though substantial, does not suggest "retaliation or vindictiveness." Second, the sentencing judge's statements, particularly when viewed in the context of the entire transcript, do not establish that Tannis' sentence was a result of "retaliation or vindictiveness." To the contrary, the sentencing court weighed his minimal criminal history and confession against the gravity of his crimes in reaching a moderated sentence. Sentencing Hr'g Tr. at 6-7. The Appellate Division's finding that this sentence was not a product of retaliation or

vindictiveness was therefore not an objectively unreasonable application of Supreme Court precedent. Tannis' second claim is denied.

*Conclusion*

For the reasons stated above, the Petition is denied. Because Tannis has not made a substantial showing of the denial of a federal constitutional right, no certificate of appealability shall issue. 28 U.S.C. § 2253(c). The Clerk of court is directed to enter judgment accordingly and to close this case.

SO ORDERED.

Dated: Brooklyn, N.Y.
June 17, 2011

/Signed by Judge Carol B. Amon/
Carol Bagley Amon
United Stated District Judge